IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | Criminal No. 06-21 (RBW) |
| ) | |
| ) | |
| SEAN BLAKNEY    ) | |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Defendant Sean Blakney, by and through undersigned counsel, respectfully moves this Court to suppress at the trial of this matter all testimony relating to any statement or statements alleged to have been made by him while in the custody of law enforcement officers and in response to interrogation on or about September 18, 2006.

In support thereof, the defendant states:

Assistant United States Attorney George Eliopoulos has advised undersigned counsel that the Government expects to introduce at the trial of this matter a statement Mr. Blakney is alleged to have made to law enforcement agents while in custody and in response to interrogation on or about September 18, 2006.

Although the interrogating agents did eventually advise the defendant of his *Miranda* rights, that did not occur until after the interrogation had concluded. Mr. Blakney did not, therefore, knowingly waive his Fifth Amendment privilege before making a statement and any resulting statement was necessarily unlawfully obtained.

WHEREFORE, for the foregoing reasons, for the reasons set forth in the attached Memorandum, and for any additional reasons as may be established at a hearing on this Motion, Mr.

Blakney respectfully moves this Court to suppress as evidence at his trial any statement made by him to law enforcement agents following his arrest on or about September 18, 2006.

                    Respectfully submitted,

                    JOSEPH BESHOURI
                    Counsel for Sean Blakney
                    Bar No. 412-199
                    419 - 7th Street, N.W.
                    Washington, D.C. 20004
                    (202) 842-0420

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                              ) | Criminal No. 06-21 (RBW) |
| ) | |
| ) | |
| SEAN BLAKNEY                        ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

**I. The Events Preceding Mr. Blakney's Interrogation**

On or about September 19, 2006, the defendant was stopped while driving and taken to a police station in Victorville, California. An interrogation was briefly attempted. Mr. Blakney was then taken to the Central Detention Center in San Bernadino, California, where he remained for approximately four days. He was thereupon taken to the West Valley County Jail and that same day taken by two Federal Bureau of Investigation ("FBI") agents to the Federal Courthouse in Riverside, California. There, the agents processed Mr. Blakney and then allowed him to be interviewed by Pretrial Services. Upon the interview with Pretrial Services being concluded, the agents sat down with Mr. Blakney and set about characterizing the dire circumstances with which they believed Mr. Blakney was then faced. Having so characterized the defendant's circumstance, the agents initiated questioning of Mr. Blakney as to criminal conduct committed either alone or in concert with others. Mr. Blakey answered the agents' questions, but **before** being advised of his *Miranda* rights rather than after.

**II. There Was Not a Knowing And Voluntary Fifth Amendment Waiver**

It is axiomatic that if Mr. Blakney was in custody when his interrogation commenced, his

interrogation should have been preceded by a knowing, voluntary and intelligent waiver of his Fifth and Sixth Amendment rights. As he was not advised of his rights, either prior to or during his statements, and as no attempt was made by the interrogating agents to ascertain whether Mr. Blakney appreciated the full nature and scope of his rights, there was no lawful waiver and the statement(s) must be suppressed. *Miranda v. Arizona*, 384 U.S. 436 (1966); *Wong Sun v. United States*, 371 U.S. 471 (1963).

The essence of *Miranda* is that custodial interrogation is inherently coercive. The predicate requirement that any interrogation be custodial before *Miranda* warnings are warranted is satisfied if the questioning is initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Illinois v. Perkins*, 496 U.S. 292, 296 (1990); *Oregon v. Mathiason*, 429 U.S. 492 (1977). Here, that there occurred a restraint on the defendant's freedom of movement from the time of his arrest is patent, as is the fact that an interrogation thereafter took place.

WHEREFORE, for the foregoing reasons, and such other reasons as may be advanced at a hearing on this Motion, the defendant respectfully moves this Court to grant the instant Motion and suppress any and all statements alleged to have been made by him while in custody and in response to interrogation on or about on September 18, 2006.

Respectfully submitted,

JOSEPH BESHOURI
D.C. Bar #412-199
419 - 7th Street, N.W.
Washington, D.C. 20004
(202) 842-0420