UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 06-21 (RBW) |
| v. | : | |
| | : | |
| SEAN BLAKNEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS STATEMENTS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Sean Blakney' motion to suppress statements (Document 101). As grounds for this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a motions hearing.

Argument

Defendant Sean Blakney contends that statements he made to the FBI should be suppressed because agents of the FBI did not advise him of his *Miranda* rights until after the interrogation had concluded. The defendant is mistaken.

On September 19, 2006, defendant Blakney was questioned by Special Agents of the FBI. The room in which the interview took place was partitioned, thereby separating defendant Blakney from the Agents. Prior to the interview, a standard FBI Advice of Rights was read by the FBI Special Agent to defendant Blakney. The FBI Special Agent then held up the Advice of Rights form to the screen for Blakney to read along with the Agent. The FBI Special Agent then

requested that defendant Blakney read the last sentence of the Advice of Rights card out loud which states, "I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present."

After being advised of his rights, defendant Blakney indicated that he understood his rights and was willing to be interviewed. Defendant Blakney then proceeded to give a statement to the FBI. Defendant Blakney signed the form at the conclusion of the interview when the Agents were able to physically provide the Advice of Rights form to defendant Blakney for his signature.

In determining whether a defendant's waiver of his rights was knowing, intelligent, and voluntary, the Court must look to the totality of the circumstances, while the validity of a waiver must be determined by the particular facts, background, experience and conduct of the accused. See *North Carolina v. Butler*, 441 U.S. 369, 374 (1979). The government need only show by a preponderance of the evidence that a defendant knowingly, intelligently and voluntarily waived his rights. See *Colorado v. Connelly*, 479 U.S. 157, 168 (1986); *Lego v. Twomey*, 404 U.S. 477, 489 (1972); *United States v. Yunis*, 859 F.2d 953, 962 (D.C. Cir. 1988).

Since defendant Sean Blakney was advised of his rights prior to any questioning and made a knowing and voluntary waiver of any Fifth Amendment privilege by agreeing to be interviewed, statements made by defendant Blakney while in custody are admissible at trial. It is irrelevant that Blakney memorialized his waiver by signing the waiver form after he gave his statement. All that is required is that he orally waived his rights before he was questioned. See

2

*North Carolina v. Butler*, 441U.S. 369 (1979).   ("An express written *or* oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of the waiver....")(emphasis added).

    WHEREFORE, the United States respectfully requests that the defendant's motion be denied.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        UNITED STATES ATTORNEY

                                        GEORGE ELIOPOULOS

                                        ANTHONY SCARPELLI
                                        Assistant United States Attorneys